IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARRY BASS, IDOC # M09157,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 11-862-GPM |
| | ) |
| **PEOPLE OF STATE OF ILLINOIS** and | ) |
| **NICK D'ANGELO,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Barry Bass, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Vandalia Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law.  This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which states, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to Bass's pro se complaint and the documentation submitted by Bass in support thereof, Bass currently is serving an unlawful sentence of eight years' imprisonment in IDOC custody as a result of misconduct by Defendant Nick D'Angelo, an assistant state's attorney in Cook County, Illinois. Named as Defendants in the case are the State of Illinois and D'Angelo. Obviously, Bass cannot sue the State of Illinois in federal court. "[T]he Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant.'" *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).[1] A state may waive Eleventh Amendment immunity from suit in federal court. *See MCI Telecomms. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000); *Kroll v. Board of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).

---

1. This Eleventh Amendment immunity from suit in federal court extends, of course, to agencies of the State of Illinois, such as the IDOC. *See Ford v. Lane*, 714 F. Supp. 310, 313 (N.D. Ill. 1989).

However, Illinois has waived its sovereign immunity only to the extent of authorizing itself to be sued in the Illinois Court of Claims. *See* 705 ILCS 505/8(d)); *Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999); *Williamson Towing Co. v. Illinois*, 534 F.2d 758, 759-60 (7th Cir. 1976). Also, with respect to whether Illinois is subject to suit under 42 U.S.C. § 1983, that statute provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In general, "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983[.]" *Johnson v. Illinois Supreme Court*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Also, while it is the case that Congress can abrogate state sovereign immunity, Section 1983 does not abrogate the Eleventh Amendment immunity of a state and its agencies from suit in federal court. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."); *Meadows v. Indiana*, 854 F.2d 1068, 1070 n.3 (7th Cir. 1988) (citing *Quern*, 440 U.S. at 338-45) ("Congress may statutorily abrogate the Eleventh Amendment immunity of the states. Congress, however, did not do so when it enacted section 1983."). Accordingly, Bass's claim against the State of Illinois will be dismissed.

Turning next to Bass's claim against D'Angelo, in general judges are not liable for damages in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000); *Sparkman v. McFarlin*, 601 F.2d 261, 262 (7th Cir. 1979). Also, a judge is absolutely immune for his or her judicial acts even if the judge's exercise of authority is flawed by the commission of grave procedural errors. *See Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 524 (7th Cir. 2001); *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). A judge is entitled to absolute judicial immunity if his or her actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *See Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th Cir. 1987); *McMillan v. Svetanoff*, 793 F.2d 149, 151 (7th Cir. 1986). Obviously, the judge who sentenced Bass had the jurisdiction and capacity to do so. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) (the test is of judicial immunity is whether the acts at issue are those normally performed by a judge). Thus, even if the judge erred in sentencing Bass, he or she is immune from civil damages. With respect to Bass's claim against D'Angelo, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983." *Id*. at 431. This immunity applies where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or

evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Negotiating a plea agreement and participating in a sentencing hearing are conduct intimately associated with the judicial phase of the criminal process, and therefore D'Angelo is immune from civil damages. *See Santobello v. New York*, 404 U.S. 257, 260 ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice.").

Finally, Bass's civil-rights claim clearly is barred by the principles announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule of *Heck v. Humphrey*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted). *See also Ryan v. DuPage County Jury Comm'n*, 105 F.3d 329, 330 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486) ("[I]n order to recover damages for an 'allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid,' a § 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus."). In sum, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Under *Heck*, until a conviction or sentence has been invalidated, a claim for damages based upon the conviction or sentence simply "does not accrue[.]" *Id.* at 490. Here

Bass does not allege that his conviction in the Cook County circuit court has been invalidated, and therefore under *Heck* any constitutional claim Bass may have that challenges the validity of that sentence has not accrued.[2]

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that Bass has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and this action is **DISMISSED**.  Bass's motion for appointment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) are **DENIED as moot**.  Bass is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  September 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. It should be noted that this Court is not authorized to construe Bass's complaint under 42 U.S.C. § 1983 as a petition under 28 U.S.C. § 2254, in part or in whole. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Instead, the civil-rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus.  The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.  Also, to the extent Bass is attempting to assert a state-law claim for breach of contract, apart from the bars to such a claim discussed in this Order, the Court declines in its discretion to exercise supplemental jurisdiction over any such claim.  *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).